


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KENNETH WILLIAMS,

Defendant.

19-CR-538 (CM)

DECISION AND ORDER DENYING DEFENDANT'S MOTIONS ASKING THE COURT TO VACATE HIS CONVICTION OR GRANT HIM EARLY RELEASE

McMahon, J.:

Kenneth Williams pleaded guilty to being a felon in possession of a firearm, and was sentenced to a 60-months term of imprisonment. Williams is currently serving his sentence at Canaan USP— he is scheduled to be released December 13, 2023.

Before the Court is Williams *pro se* motions to (1) to vacate his conviction pursuant to 28 U.S.C. § 2255 (ECF Document 29), and/or (2) to grant him early release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF Document 31).

Defendant's Motion to Vacate

Williams claims that the right he is asserting was newly-created by the Supreme Court in a case called *Rehaif v. United States*, 139 S. Ct. 2191 (2019). While *Rehaif* did not create a new rule of constitutional law, it did resolve a question of statutory interpretation. *See Mata v. United States*, 969 F.3d 91 (2d Cir. 2020) (*Rehaif* was not a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review; *Rehaif* resolved a question of statutory interpretation.). In *Rehaif*, the high court concluded that in order to

support a conviction under section 922(g) and 924(a)(2), the Government had to prove, not only that an alien (a person who by law is barred from possessing a firearm) possessed a firearm, but also that the alien knew he was barred by law from possessing a firearm. The court concluded that the plain text of the relevant statutes required the Government to prove that the defendant knew he was a "forbidden person."

Williams argues that, in light of *Rehaif*, the Government was required to prove that he knew he was a person forbidden by law to possess a firearm (a forbidden person by virtue of being a convicted felon, rather than by being an alien). Indeed, *Rehaif* would be equally applicable to the case of any person forbidden to possess a firearm, whatever the reason. However, *Rehaif* has no impact on Williams' case because Williams admitted, during his plea allocution, both that he was a forbidden person and that he knew he was a forbidden person:

> THE COURT: Can you tell me in your own words what you did that makes you guilty of that crime.
>
> THE DEFENDANT: On December 3, 2018, in Manhattan, I possessed a gun, and I had been convicted of a felony.
>
> THE COURT: All right. And that took place in Manhattan, you're saying?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And at the time you possessed the gun, were you aware of your previous felony conviction?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. I see that you have some notes in front of you. Did your attorneys help prepare the statement that you gave?
>
> THE DEFENDANT: Yes.

THE COURT: Do you adopt those words as your own?

THE DEFENDANT: Yes.

THE COURT: Is everything that you just told me true?

THE DEFENDANT: Yes.

THE COURT: At the time you did these acts, at the time you possessed the gun knowing of your prior felony conviction, did you know that what you were doing was wrong?

THE DEFENDANT: Yes.

(ECF No. 19 at 20–21). Accordingly, there is no basis for Williams to argue that the holding in *Rehaif* requires vacatur of his conviction.

Williams also argues that although his § 2255 motion was filed more than a year after his conviction became final on March 13, 2020, and is therefore time barred under 28 U.S.C. § 2255(f)(1) (A 1-year period of limitation shall apply to a motion under this section . . . . The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final), the *Rehaif* decision extended the one year statute of limitations, presumably under 28 USC § 2255(f)(3), which provides that the one year statute of limitations runs from the date on which a right relied upon was recognized by the Supreme Court, if the right was newly recognized and was made retroactively applicable to cases on collateral review. However, *Rehaif* did not announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *Mata v. United States*, 969 F.3d at 93. In any event, *Rehaif* was decided on June 21, 2019– five months *before* the defendant pleaded guilty in this case and eight months before judgment was entered. If the decision in Rehaif were the date from which the one-year period began to run, Williams' time to file his petition would

have expired on June 21, 2020– well before it actually expired on March 13, 2021. Thus, *Rehaif* does not extend the one-year time period to file a motion under Section 2255.

Accordingly, William's motion to vacate is denied as both time-barred and without merit.

The petition is dismissed.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Williams' motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

William's motion for Compassionate Release

In his request for early release, Williams states that he seeks release so that he can participate in educational and social services programming and so that he can spend time with his family. (ECF No. 30 at 4-5).

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[1] In the past, this Court—and many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13 (the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. § 3582 (c)(1) (A)(i)), for guidance on what constituted "extraordinary and compelling circumstances." That changed on September 25, 2020, when the United States Court of Appeals for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in the district court. *United States v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13—language that has not been updated since the passing of the First Step Act—addressed only sentencing reduction motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second Circuit declared unequivocally that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for

---

[1] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g., United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

Like his "*Rehaif*" motion, Williams' motion for compassionate release fails on both procedural and substantive grounds. There is no indication in Williams' papers that he ever petitioned the Warden of Canaan USP or anyone else in the BOP for release on compassionate release grounds. Accordingly, he has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i)), and for that reason alone, his motion is denied.

Even if Williams had properly exhausted his administrative remedies, his motion would still fail. Williams' desire to be done with prison now—while understandable—is not an extraordinary and compelling reasons that would justify his early release. Indeed, it is likely that every federal inmate would like to be released early to see his or her family, but that is nowhere near being a compelling reason to justify early release.

Moreover, even if Williams had established extraordinary and compelling reasons warranting release, the Section 3553(a) factors would, arguably, counsel against release. Williams participated in an extremely serious and violent home invasion robbery of a drug

dealer. The defendant discharged a gun during the robbery, and two people (including one of Williams' co-conspirators) were shot during the robbery. Besides, this was not Williams first brush with criminality—he committed the instant robbery after sustaining five convictions, including for criminal sale of narcotics and the criminal sale of a firearm. (PSR ¶¶ 40–44).

Williams will transition sometime in the middle of next year into the BOP community supervision program, which will entail living in either a halfway house, or in a private residence acceptable to the BOP. During that transition period, BOP will provide Williams with services and counseling helpful to his successful reintegration into society. Nothing in Williams' motion warrants shortening that process.

The motion for compassionate release is denied.

Dated: November 1, 2022

Colleen McMahon
United States District Court Judge